09/14/05  13:20 FAX 614 491 7507        VILLAGE OF OBETZ                    NO. 7121                004   17

SEP. 14. 2005 11:44AM

## IN THE COURT OF COMMON PLEAS
### FRANKLIN COUNTY
### CIVIL DIVISION

Dana Russell
4202 Mayflower Blvd.
Whitehall, OH 43213

     Plaintiff,

    v.

City of Nelsonville
211 Lake Hope Drive
Nelsonville, Ohio 45764

and

John Doe Employees #1-5
of the City of Nelsonville
     individually and official capacity
211 Lake Hope Drive
Nelsonville, Ohio 45764

and

The Village of Obetz
4175 Alum Creek Drive
Obetz, Ohio 34207

and

Patt Altevogt , Village Council of Obetz
     individually and official capacity
Shelia Henderson, Village Council of Obetz
     individually and official capacity
Kandi Pulley, Village Council of Obetz
     individually and official capacity
James Triplett, Village Council of Obetz
     individually and official capacity

4175 Alum Creek Drive
Obetz, Ohio 34207

     Defendants

Case No.   05CVH 09 9703

Judge:

Jury Demand Endorsed Hereon

FILED
COMMON PLEAS COURT
FRANKLIN CO., OHIO
2005 SEP -6 AM 8: 52
CLERK OF COURTS-CV


EXHIBIT
A

Case: 2:05-cv-00943-GCS-MRA Doc #: 1-4 Filed: 10/14/05 Page: 2 of 11 PAGEID #: 11 Page 4

## AMENDED COMPLAINT

1.    This court has jurisdiction because Plaintiff's claims arose under the laws of the State of Ohio. Personal jurisdiction and venue are proper because Plaintiff is domiciled in Franklin County and facts giving rise to the complaint occurred in Franklin County and the State of Ohio.

2.    Plaintiff, Dana Russell, is a resident of the State of Ohio, Franklin County.

3.    Defendant, City of Nelsonville (Nelsonville), is a municipal corporation of the State of Ohio, former employer of the Plaintiff and subject to the laws of the State of Ohio regarding municipal corporations.

4.    Defendant, Village of Obetz (Obetz), is a village of the State of Ohio, former employer of the Plaintiff and subject to the laws of the State of Ohio regarding Villages.

5.    Defendants Patt Altevogt, Sheila Henderson, Kandi Pulley and James Triplett are Village Council members of the Village of Obetz. The Defendants named herein act under color of law to enact legislation for the Village of Obetz.

6.    Defendant John Doe Employees #1-5 are employees and/or officials of the Defendant City of Nelsonville, whose identities are unknown but discoverable, authorized to release information under Ohio Revised Code §149 et seq. and §1347 et seq. Upon information and belief, the Defendant City of Nelsonville made a disclosure, through and by Defendant John Doe Employees #1-5, of information related to the Plaintiff. Such disclosure occurred on or about May through June 2005. The disclosure of this information is protected by law.

7.    Plaintiff was employed by the Defendant Nelsonville from May 13, 1996 through November 21, 1997 as Chief of Police. Plaintiff was employed by the Defendant Village of Obetz for less than one (1) year through July 21, 2005 as Chief of Police.

B.   Defendant James Triplett obtained the personal information about the Plaintiff from a combination of the conduct of Defendant John Doe Employees #1-5 on or about May through June 2005. Defendant Triplett disseminated this information about the Plaintiff among Patt Altevogt, Sheila Henderson, Kandi Pulley, Michael Sullivan, and Bonnie Wiley.

9.   Defendant Triplett knew, or had reason to know, intentionally using or disclosing the personal information in such a manner was prohibited by law. Defendant Triplett supplied personal information maintained in a personal information system, used and disclosed it knowing or having reason to know, such information was protected as it related to Plaintiff.

10.  As a result of the release of the information, and the use of the specific information released, Plaintiff was not confirmed as Chief of Police of Obetz, Ohio, suffering a loss of employment on or about July 11, 2005 and income of $62,000.00 per year. Plaintiff also suffered a loss of his liberty interest in confidential personal information that is protected by law from disclosure. The disclosure of these documents directly and proximately caused harm to the Plaintiff.

11.  Defendant Nelsonville and John Doe Employees #1-5 authorized the release of documents that were subsequently used by the Village of Obetz Council in their individual votes to deny the Plaintiff continued employment as Chief of Police. This decision was the result of open discussion on July 11, 2005, in a public forum attended by members of the public to whom the documents were displayed. The documents that were relied upon and circulated were the sole reason used to deny the Plaintiff continued employment as Chief of Police. All of the documents that were used, which were released by the Defendant Nelsonville and John Doe Employees #1-5, were protected under Ohio Revised Code §149 et seq. and §1347 et seq. All of the documents that were released by the Defendants were exempted from release under Ohio Revised Code §149 et seq. and §1347 et seq. The disclosure of these documents directly and proximately caused harm to the Plaintiff.

12.  The Defendants, Nelsonville and John Doe Employees #1-5, authorized disclosure of documents subject to Ohio Revised Code §2953.32, Sealing Of Record Of Conviction Or Bail Forfeiture, not in accordance with Ohio Revised Code §2953.32 and in violation of § 2953.35, Divulging Confidential Information, regarding Plaintiff. The documents that were released by the Defendants were exempted from release under Ohio Revised Code §149 et seq. and §1347 et seq. The disclosure of these

documents directly and proximately caused harm to the Plaintiff.

13. Plaintiff and Defendant Nelsonville entered into an agreement regarding the cessation of employment of the Plaintiff with Nelsonville by a written Settlement Agreement And Release Of Claims, (Agreement). The Agreement expressly denied liability or wrong doing by all parties signatory thereto on November 20, 1997, including the Plaintiff and Mark Hall, Acting City Manager for Defendant Nelsonville. As part of this Agreement, the Defendant Nelsonville agreed that any inquiries concerning Plaintiff's employment with the City of Nelsonville would be directed to the City Attorney for response and that the City Attorney "shall only disclose dates of employment and rate of pay at the time of voluntary resignation." Notwithstanding the applicability of Ohio Revised Code §149.43 and Ohio Revised Code §1347 et seq., Upon belief, the Defendant Nelsonville failed to direct the inquiry of Defendant Triplett to the City Attorney for Nelsonville for response. [Agreement attached hereto as Exhibit 1 and incorporated by reference]

14. Defendant Nelsonville had an obligation to respond to the inquiry of Defendant Triplett within the intent of the provision that it only disclose dates of employment and rate of pay at the time of voluntary resignation. Defendant Nelsonville failed to protect the liberty interest of the Plaintiff and breached its duty under the Agreement by intentionally authorizing the release of confidential personal information that is protected by law from disclosure, without a response from the City Attorney. The disclosure of these documents directly and proximately caused harm to the Plaintiff. Defendant Nelsonville has breached its agreement with Plaintiff.   ·

15. Defendant Nelsonville John Doe Employees #1-5 intentionally maintain a personal information that they know, or have reason to know, is inaccurate, irrelevant, no longer timely, or incomplete and may result in such harm to Plaintiff if maintained and released.

## COUNT 1: VIOLATION OF OHIO REVISED CODE §1347 et seq.

16. Plaintiff realleges paragraphs 1 through 16 as if fully rewritten herein.

17. Defendant City of Nelsonville maintained a personal information system within the meaning of ORC §1347.01.

Douglas Suter - Complaint.pdf

09/14/05  13:21 FAX 614 491 7507       VILLAGE OF OBETZ       NO. 7121   P 7   ☎009
.SEP. 14. 2005 11:44AM

18.  Defendant City of Nelsonville maintained personal information about Plaintiff within the definition of ORC §1347.01.

19.  Defendant City of Nelsonville authorized the release of personal information within the definition of ORC §1347.01 about Plaintiff. The information released about Plaintiff was exempt from release pursuant to ORC §1347.04.

20.  The Defendant Nelsonville violated ORC §1347.05. Duties Of State And Local Agencies. Upon Information and belief, the violations include: 1) The failure to inform each of its employees who has any responsibility for the operation or maintenance of the system, or for the use of personal information maintained in the system, of the applicable provisions of this chapter and of all rules adopted in accordance with this section (ORC §1347.05 (C)); 2) Failed to develop procedures for purposes of monitoring the accuracy, relevance, timeliness, and completeness of the personal information in this system, and, in accordance with the procedures.maintain the personal information in the system with the accuracy, relevance, timeliness, and completeness that is necessary to assure fairness in any determination made with respect to a person on the basis of the information (ORC §1347.05 (F)); 3) Failed to take reasonable precautions to protect personal information in the system from unauthorized modification, destruction, use, or disclosure (ORC §1347.05 (G)); 4) Failed to collect maintain, and use only personal information that is necessary and relevant to the functions that the agency is required or authorized to perform by statute, ordinance, code, or rule, and eliminate personal information from the system when it is no longer necessary and relevant to those functions. (ORC §1347.05 (H))

21.  John Doe Employees #1-5 of the City of Nelsonville acted to release the information about the Plaintiff for Defendant City of Nelsonville. John Doe Employees #1-5 of the City of Nelsonville directly and proximately caused the harm to the Plaintiff. John Doe Employees #1-5 of the City of Nelsonville are liable to Plaintiff for their conduct and harm caused to the Plaintiff. ORC §1347.10.

22.  The disclosure of information directly and proximately caused harm to the Plaintiff.

23.  Plaintiff states a cause of action for violation of Ohio Revised Code §1347 et seq..

09/14/05  13:21 FAX 614 491 7507        VILLAGE OF OBETZ                      ☐010
SEP. 14. 2005  11:45AM                                         NO. 7121  P. 8

## COUNT 2: VIOLATION OF OHIO REVISED CODE OHIO REVISED CODE §149 et seq.

24. Plaintiff realleges paragraphs 1 through 23 as if fully rewritten herein.

25. Defendant City of Nelsonville authorized the release of records about Plaintiff pursuant to ORC 149.43. Defendant City of Nelsonville authorized the release of records about Plaintiff that were "confidential law enforcement investigatory records" ORC 149.43 (A) (h).

26. The nature of the records released about the Plaintiff were "confidential law enforcement investigatory record(s)" which release was authorized by the Defendant City of Nelsonville acting through John Doe Employees #1-5 of the City of Nelsonville, were records that pertain to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, to the extent that the release of the record(s) created a high probability of disclosure of any of the following: (a) The identity of a suspect who has not been charged with the offense to which the record pertains... ORC 149.43 (A)(2)(a).

27. The disclosure of information directly and proximately caused harm to the Plaintiff.

28. Plaintiff states a cause of action for violation of Ohio Revised Code §149.43 et seq.

## COUNT 3: VIOLATION OF OHIO REVISED CODE §2953.32 IN VIOLATION OF OHIO REVISED CODE §2953.35.

29. Plaintiff realleges paragraphs 1 through 28 as if fully rewritten herein.

30. On April 8, 1982, more than 14 years before Plaintiff's employment with Defendant City of Nelsonville, Plaintiff applied for expungement of a minor misdemeanor pursuant to ORC §2953.32. Plaintiff properly applied and performed all conditions precedent and subsequent to his application.

31. An Entry was subsequently signed by the judicial officer of the jurisdiction approving the Expungement for Plaintiff. Because no date appeared on the original Expungement Entry, Plaintiff

obtained a new Entry signed by the judicial officer of the jurisdiction approving the Expungement on April 18, 1997, making the Entry fully effective in all respects. Plaintiff provided all of these documents to the City of Nelsonville prior to his employment.

32. The Defendants Nelsonville and Defendant John Doe Employees #1-5, authorized disclosure of documents subject to Ohio Revised Code §2953.32, Sealing Of Record Of Conviction Or Bail Forfeiture, not in accordance with Ohio Revised Code §2953.32 and in violation of § 2953.35, Divulging Confidential Information, regarding Plaintiff's Expungement. The documents that were released by the Defendants were exempted from release under Ohio Revised Code §2953.32, §149 et seq. and §1347 et seq. The disclosure of these documents directly and proximately caused harm to the Plaintiff.

33. Defendant Triplatt, a member the Village Council for the Defendant Village of Obetz, obtained from Defendant Nelsonville, through Defendant John Doe Employees #1-5, a copy of the documents associated with Plaintiff's Expungement. Defendant Triplett then knowingly disclosed a sealed record of conviction with the Entry of Expungement of the Plaintiff in violation of § 2953.35 to members of the Village Council for the Village of Obetz on or about May through June 2005.

34. Defendants Patt Altevogt, Sheila Henderson, Kandi Pulley and James Triplett are Village Council members of the Village of Obetz. These Defendants further acted to knowingly use the information and to make known in sealed record of conviction to a political subdivision of the state for a purpose involving employment of the Plaintiff in violation of ORC §2953.35.

35. Disclosure of a sealed record of conviction in violation ORC §2953.35 is a misdemeanor of the fourth degree.

36. The disclosure of information directly and proximately caused harm to the Plaintiff.

37. Plaintiff states a cause of action for violation of Ohio Revised Code ORC §2953.35.

09/14/05  13:21 FAX 614 491 7507          VILLAGE OF OBETZ                    ☑012

SEP. 14. 2005 11:45AM                                          NO. 7121   P. 10

## COUNT 4: VIOLATION OF PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT UNDER 42 U.S.C. §1983

(Defendants City of Nelsonville, Defendant John Doe employees 1-5, Defendant Village of Obetz, Defendants Patt Altevogt, Sheila Henderson, Kandi Pulley and James Triplett)

38.  Plaintiff realleges paragraphs 1-37 as if fully rewritten.

39.  Plaintiff has a constitutional right in his "liberty" and/or "property" interest contained in the confidential background information and confidential personal information that is protected by law from disclosure without due process of law subject to the due process clause of the 14th Amendment to the Constitution of the United States.

40.  Defendants City of Nelsonville, Defendant John Doe employees 1-5, Defendant Village of Obetz, Defendants Patt Altevogt, Sheila Henderson, Kandi Pulley and James Triplett, all acted under color of law to deprive Plaintiff of his "liberty" and/or "property" interest in violation of 42 U.S.C. §1983 by disclosing or causing to be disclosed confidential background information and confidential personal information about the Plaintiff that is protected by law from disclosure without due process of law.

41.  The disclosure of information directly and proximately caused damage to the Plaintiff.

42.  Plaintiff states a cause of action for violation of 42 U.S.C. §1983.

## COUNT 5: PUBLIC POLICY TORT

43.  Plaintiff realleges paragraphs 1 through 42 as if fully rewritten herein.

44.  Ohio has a public policy based on Ohio Revised Code §1347 et seq., Ohio Revised Code §149 et seq., Ohio Revised Code §2953.32, Ohio Revised Code §2953.35, to protect personal information about persons from public disclosure and to keep and create only those records as are necessary for the adequate and proper documentation of the organization, functions, policies, decisions, procedures,

Received  Sep-14-05  01:25pm      From-614 491 7507        To-CRAWFORD & COMPANY    Page 012

09/14/05  13:22 FAX 614 491 7507          VILLAGE OF OBETZ                                 05280005 @013

.SEP. 14. 2005 11:45AM                                                          NO. 7121   P. 11

and essential transactions of the agency and for the protection of the legal and financial rights of the state and persons directly affected by the agency's activities.

45. Defendant Village of Obetz acted to terminate Plaintiff's employment based on consideration of disclosed records and information about the Plaintiff that were protected by law and in violation of the public policy. .

46. The conduct of Defendant Village of Obetz directly and proximately caused harm to the Plaintiff.

47. Plaintiff states a cause of action for Public Policy Tort in violation of Ohio Public Policy.

## COUNT 6: BREACH OF CONTRACT

48. Plaintiff realleges paragraphs 1-47 as if fully rewritten.

49. Plaintiff and Defendant Nelsonville entered into an agreement regarding the cessation of employment of the Plaintiff with Nelsonville by a written Settlement Agreement And Release Of Claims ,"Agreement". [Agreement attached hereto as Exhibit 1 and incorporated by reference]

50. As part of this Agreement, the Defendant Nelsonville agreed that any inquiries concerning Plaintiff's employment with the City of Nelsonville would be directed to the City Attorney for response and that the City Attorney shall only disclose dates of employment and rate of pay at the time of voluntary resignation.

51. The purpose of the Agreement was for the Defendant City of Nelsonville to keep confidential all information that it was not required to disclose unless required by law.

52. Upon belief, the Defendant Nelsonville failed to direct the inquiry of Defendant Triplett to the City Attorney for Nelsonville for response in violation of the Agreement.

53. Defendant Nelsonville breached its duty to keep confidential all information that it was not required to disclose unless required by law by authorizing the release of information regarding the Plaintiff that was protected under Ohio Revised Code §1347 et seq., Ohio Revised Code §149 et seq.,

Douglas Suter - Complaint.pdf                                                                                      Page 13

09/14/05  13:22 FAX 614 491 7507          VILLAGE OF OBETZ                        NO. 7121   P. 12

.-SEP. 14. 2005 11:46AM

Ohio Revised Code §2953.32, and Ohio Revised Code §2953.35.

54. The conduct of Defendant Nelsonville in breaching the terms and conditions of the agreement caused harm to the Plaintiff.

55. Plaintiff states a cause of action breach of contract.

WHEREFORE, Plaintiff prays as follows:

56. That this Court award such equitable and injunctive relief, in the form of an order compelling the Defendants to comply with the Ohio Revised Code relating to the disposition of documents and information related to the Plaintiff, as is proper, as compensation for the unlawful conduct of the Defendants on each applicable count of the Complaint;

57. That this Court award Plaintiff an amount to be determined at trial as compensation for Plaintiff's emotional distress, adverse health effects, humiliation and embarrassment;

58. That this Court award Plaintiff an amount to be determined at trial as compensation for loss of employment;

59. That this Court award Plaintiff compensatory and punitive damages of $500,000.00 on each applicable count of the Complaint;

60. That this court award Plaintiff all tangible losses suffered;

61. That this Court award Plaintiff reasonable attorneys' fees, Expert Witness Fees and the costs of this action and:

62. That this Court grant Plaintiff such other and further relief as may be just and equitable.

Case: 2:05-cv-00943-GCS-MRA Doc #: 1-4 Filed: 10/14/05 Page: 11 of 11  PAGEID #: 20

09/14/05  13:22 FAX 614 491 7507          VILLAGE OF OBETZ                    NO. 7121   P. 13
.SEP. 14. 2005 11:46AM

Respectfully submitted,

Daniel H. Klos (0031294)
4591 Indianola Ave.
Columbus, Ohio 43221
Voice 1-614-261-9581
Fax 1-614-262-5732
Email klosdhesq@aol.com
Attorney for Plaintiff

## Jury Demand

Plaintiff hereby demands trial by jury in all matters triable to a jury.

Respectfully submitted,

Daniel H. Klos (0031294)
4591 Indianola Ave.
Columbus, Ohio 43221
Voice 1-614-261-9581
Fax 1-614-262-5732
Email klosdhesq@aol.com
Attorney for Plaintiff

Received  Sep-14-05  01:25pm      From-614 491 7507      To-CRAWFORD & COMPANY    Page 013